**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Robert Dillard Jones, Pro Se, ) | Case No.: 3:10-CV-712 TJM/DEP |
| Invidiual,, Family Charter Realty ) | |
| Corporation, ) | **PLAINTIFF'S COMPLAINT IN SUPPORT OF ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER PURSUANT TO F.R.C.P. RULE 65** |
| Plaintiffs, ) | |
| vs. ) | |
| Broom County Justice, Judge Joseph ) | |
| F. Cawley, Binghamton City Court ) | |
| Justice, Judge Mary Ann Lehman, ) | |
| New York State Attorney General, ) | |
| Andrew M Cuomo, BroomeCounty ) | |
| Office of the Sheriff, Sheriff ) | |
| David E. Harder, Frederick STEPHEN B ATKINSON ) | |
| Williams, Donna M. Altschuh, ) | |
| Russell Phelps, Phelps ) | |
| Corporation, Broome County ) | |
| Defendants. | |

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUN 17 2010
AT ____ O'CLOCK ____
Lawrence K. Baerman, Clerk - Binghamton

### FIRST CAUSE OF ACTION

1. Plaintiff seek dismissal of Petition And Notice of Foreclosure [hereinafter "Foreclosure Action"], Index

No.20090000902, (**See**, **Plaintiff's Exhibit "A"**). for the property at 322 Main Street, Binghamton, New York 13905. On grounds that the Foreclosure Action is excessive and over taxation is unconstitutional and these circumstances has caused injuries to plaintiff seek tax cuts leniency relief in the following below:

a) Created an economic hardship circumstances because plaintiff can not secure the funds necessary to satisfy based on plaintiff's financial means as an minority, senior, disable veteran;

b) Because the property in said Foreclosure Action doesn't generate profitable income to satisfy such high and excessive tax rates applied to plaintiff's. Plus, when this Court consider that five (5) years of paying property taxes plus, separate school based on yearly substantial increases is approximately fourteen thousand Dollars ($14,000), which is greater that ten percent (10%) of the market value of the property.

c) Due to the deplorable condition of the property when plaintiff first acquired said property resulted in plaintiff spending enormous amounts of money and labor to make repairs, and general maintenance of said property.

2. That the defendants Broom County Justice, Judge Joseph F. Cawley, abused his discretion upon failure to take into considerations that the defendants Frederick Williams and defendant Donna M. Altschuh owed plaintiff the sum of nineteen hundred dollars ($1,900) from 2008, NYSEG bill created the circumstances where plaintiff was short on cash to pay said taxes. Since the defendant Frederick Williams and defendant Donna M. Altschuh, reneged on their obligation to pay after they reported to plaintiff in 2008, that they will henceforth maintain the utilities was crucial to plaintiff's available cash shortage.

3. Binghamton City Court Justice, Judge, Mary Ann Lehmanm, abused her discretion, by failing to acknowledge that plaintiff submitted credible documentation establishing the debt owed to plaintiff by the defendant Frederick Williams and Donna M. Altschuh. Also Judge Mary Ann Lehman, erroneous ruling that plaintiff can sue defendants as a corporation because plaintiff Family Charter Realty Corporation was inactive. (**See**, **Plaintiff's Exhibit "B", Decision & Order, by Judge Joseph F. Cawley, Index No. 2009-0509, dated July 23, 2009, Plaintiff's Exhibit "B1", Notice of Judgment For Defendant, Index No. B7169, dated July 24, 2008).**

4. The fact that defendants Williams and Altschuh, recent accepted and cashed checks from plaintiff's Family Charter Realty Corporation is a contradiction to the contention made by the defendants and their attorney Stephen B. Atkinson, Esq., is pure fabrication and act as an self serving declaration with out an shred of truth.

5. Plaintiff contends that both Judge Joseph F. Cawley and Judge Mary Ann Lehman, abused their discretion by allowing Counsel Steve Atkinson, Esq., for the defendants Williams and Altschuh, to introduce evidence a computer print out of plaintiff's alleged inactive Family Charter Realty Corporation. In violation of the rules of evidence for authentication of documentary evidence must be considered inadmissible if not bearing a seal of the Secretary of State as an official admissible document in terms. (**See, Plaintiff's Exhibit "C" Court Transcripts, Index No.: B7169, dated July 24, 2008. at page 13, lines 10-21, before Judge Mary Ann Lehman).**

### SECOND CAUSE OF ACTION

**MAJOR FRAUD & LARCENY & SLANDER & PERJURY**

1. The defendants Frederick Williams and Donna M. Altschuh, committed Major Fraud in both Courts in this action by denying the fact that they owed plaintiff the sum of nineteen hundred dollars ($1,900) **(See, Plaintiff's Exhibit "I", Bill from NYSEG in plaintiff's name, dated February 5, 2001)**, by reneging on their obligation and verbal agreement to maintain the utilities. In attempt to abscond from debt owed to plaintiff for utilities and other issues related to the maintenance of property at 175 Hudson Street, Johnson City, New York 252-254 Grand Street, Johnson City (Plaintiff demanded money & property returned, and $120,000.00, plus 25% interest). The defendants Williams and Altschuh, sold he properties before plaintiff could file an action for compensation as entitled pursuant to the land Contract contractual obligation between the parties represents the basis of major fraud **(See, Plaintiff's Exhibit "F", Complaint filed with New York State Attorney general in this Action on March 4, 2010)**. More importantly, these same defendants Williams and Altschuh, sudden posture of having selective amnesia is created with the following purposes:

    a) Willfully and intentionally deceived the Courts about their involvement and financial and contractual

responsibilities to plaintiff involving the two properties in Johnson City, the utilities, and securities rent deposits to commit major fraud.

b) The defendants Williams and Altschuh, committed larceny by fraud and deception and concealment of their written and oral contractual obligations to plaintiff under circumstances raised in his action.

2. The defendants Frederick Williams and Donna M. Altschuh, perjured themselves in both Courts in this action by denying informing plaintiff that they will be taking over obligation to pay utilities on said property. The same defendants further perjured themselves by willfully and falsely alleging plaintiff Family Charter Realty Corporation was inactive in the Courts in this action [fraudulent representation].

2. The defendants Frederick Williams and Donna M. Altschuh, committed slander against plaintiff for fabricating statements that plaintiff's Family Charter Realty Corporation was inactive because of the following:

a) The defendants Frederick Williams and Donna M. Altschuh, accepted plaintiff checks from the Family Charter Realty Corporation during the same time they

6

were giving false statements to the Courts that said corporation was inactive [fraudulent intent].

b) Plaintiff have cancelled checks made out from Family Charter Realty Corporation during the same period of time the defendants Frederick Williams and Donna M. Altschuh, was providing these deceptions to the Courts. For the purpose of to mislead the Courts and evade paying due compensation to plaintiff. Furthermore, plaintiff paid his property taxes, water/sewer bills, debts to banks, utilities bills, and other municipalities with Family Charter Realty Corporation checks with out incident from about the years 2001 to 2010. Therefore, the defendants contention of Family Charter Realty Corporation being unable to sue and is inactive must be rejected as unpersuasive.

c) Larceny is based on the defendants Frederick Williams and Donna M. Altschuh, intent to escape their financial obligation and debt to plaintiff for the utilities and other issues related to the general maintenance of said properties. The defendants are guilty of larceny by fraud and deception.

d) The defendants Williams & Altschuh, when they signed the contract with plaintiff knew the status of the

7

Family Charter Realty Corporation or should have know. The fact that defendants continue to accept checks from plaintiff's Family Charter Realty Corporation de not now insulate them from civil suite by plaintiff because they have forfeited any such rights if they did exist under law **(See, Plaintiff's Exhibit "H" Uniform Sale Closing Contract, dated October 15, 2001).**

e) The defendants now claim that plaintiff's family Charter Realty Corporation is inactive and can not legally sue is a self serving declaration to avoid compensating plaintiff for the injuries he sustained by these defendants.

### THIRD CAUSE OF ACTION

**USURY CONTRACTAND SERVITUDE (SERVITUS) TACTICS**

1. That the defendants Williams and Altschuh, are guilty of usury and servitude circumstances placed on plaintiff in relation to the land contract agreement and general maintenance and financial obligations of said properties in Johnson City.

2. The defendants Williams and Altschuh, sold said properties before plaintiff could file a civil suit for compensation as consequence of the money, labor, materials and repairs plaintiff put in to said properties. A violation Title 18, Chapter 77, Peonage & Slavery Codification, 13th United States Amendment, Civil Rights; and general usury laws.

3. The defendants William and Altschuh, caused "**maiicous injury**" to plaintiff in the course of their contractual obligation through land lease agreement. And major fraud and larceny was the vehicle which the defendants accomplished these acts of malfeasance.

### FOURTH CASUE OF ACTION

**USURY, LEGAL LOAN SHARKING, EXCESSIVE INTEREST RATE**

1. The defendant Russell Phelps, President of Phelps Corporation is guilty of applying excessive and above the national mortgage interest rate starting at about 4.5% on property located at 322 main Street, Binghamton, New York 13905. The mortgage rate of 10% which defendant Russell Phelps overcharge plaintiff represents a violation of "Unfair" and Deceptive Acts and Practices" (UDAP); Civil Rights Violation of the Fair Housing Act of 1937 (FHA); the

Fair Housing Laws, where the disproportionate impact of "Overage" and "Upselling" on minorities. Which give rise to Legal Loan Sharking.

2. The 10% mortgage interest rate created economic hardship on plaintiff to pa back considering the enormous finances plaintiff had to incur such as utilities; property taxes; water/sewage bills, and repairs/materials required for the maintenance of said property. These circumstances is defined an act of usury behavior by the defendant Russell Phelps, of Phelps Corporation. These circumstances represent "usury" and "slavery" conditions created by defendant Russell Phelps, profit off plaintiff's labor and finances to make repairs and pay finances of said properties.

3. As consequence of plaintiff not being able to pay property taxes is due to the excessive mortgage rate of 10%, over charged by defendant. Also, this over chare of said 10% mortgage rate has ruin plaintiff's credit rating; made it hard for plaintiff to secure loans to pay off property taxes; and cause emotional and economical and emotional duress damages to plaintiff.

**FOURTH CAUSE OF ACTION**

10

1. Plaintiff was denied certain tax breaks exemptions on the basis that plaintiff is senior, minority, disable veteran, and small minority business owner. This status of plaintiff's ethnic warrants tax reductions, amnesty, and abatements that the both the City of Binghamton, and Broom County tax agencies refuse to apply these criteria's to plaintiff's status articulated in the above.

2. Also, these inactions or failure to apply the mentioned formula plaintiff's ethic background is denial of his basic procedural due process that deprive plaintiff of other means to secure loans to off rear property taxes on said property.

## FIFTH CAUSE OF ACTION

**RESTITUTION DAMAGES DEMANDED**

1 Plaintiff seek restitution from the defendant Frederick Williams and defendant Donna M. Altschuh, the return of property located at 175 Hudson Street, Johnson City, New York, Tax Map No.143.27-3-22, and the property located at 252 and 254 Grand Street, Johnson City, New York. Plaintiff seek that said properties be returned forthwith upon conclusion of this proceeding cleard of all liens, violations, rear taxes, and other debt contributed to said properties, and plaintiff named

as owner on the deed and clean title to plaintiff as Robert Dillard Jones, Individually and Family Charter Realty Corporation, as an entity.

3. -In regards to defendant Russell Phelps, of Phelps Corporation, plaintiff seek the following conditions paced on the property located at 322 Main Street, Binghamton, New York 13905, Tax Map No. 143.75-1-22, Broom County's, Petition and Notice of Foreclosure, Index No.20090000902:

   a) That both the City and County of Binghamton, New York forgive all back taxes for a period of five (5) years;
   b) That both the City and County of Binghamton, New York, give plaintiff tax abatements under the same terms described in the above:
   c) That the Court Order the defendant Russell Phelps, of Phelps Corporation to substantially reduce plaintiff's mortgage rate from the excessive rate of 10% to approximately 6.5%, for fifteen (15) years;
   d) That the Court Order the defendant Russell Phelps, of Phelps Corporation to reduce the mortgage on 322 main Street, Binghamton, New York, to the sum of approximately sixty thousand dollars ($60,000.00) as payment for said property.

**SIXTH CAUSE OF ACTION**

**GROSS NEGLIGENCE GOVERNMENTAL AGENCIES**

1. Plaintiff contends that the defendant Broom County Office of the Sheriff, Sheriff David E. Harder, was negligent in his administrative and investigative official capacity to prosecute plaintiff complaint lodged with agency. Plaintiff submitted credible and sufficient evidence that warrants an investigation and ensuing complaint being filed against the respondents based on serious crimes be committed by said defendants. (**See**, **Plaintiff's Exhibit "D", Communications from Defendant Sheriff, David E. Harder, dated February 8, 2010, Plaintiff's Exhibit "D1", Plaintiff's Complaint to Defendant Sheriff David E. Harder, dated January 23, 2010**).

2. Plaintiff contends that defendant New York State Attorney General Andrew M. Cuomo, office was negligent in their official administrative and investigative capacities to prosecute plaintiff's complaints involving the major fraud by deception, larceny and providing knowingly false testimony and evidence in to an judicial proceeding. (**See**, **Plaintiff's exhibit "E", communication from New York State Attorney general Office date March 4, 2010**).

**WHEREFORE**, plaintiff respectfully request that this Court grant plaintiff the relief sought for in this proceeding and any further relief this Court deem just and proper.

Dated: June 17, 2010.

                                    **Respectfully,**

                                  Robert Dillard Jones,
                                  Pro Se, Individual
                                  President of Family
                                  Charter Realty Corp.
                                  322 Main Street
                                  Binghamton, N.Y. 13905
                                  Phone (607) 435 - 2111