UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT DILLARD JONES,
DBA FAMILY CHARTER & REALTY CORP.

          Plaintiff,

  v.              10-CV-712

JOSEPH F. CAWLEY,
MARY ANN LEHMAN,
JOSEPH F. SLUGAR,
DAVID E. HARDER,
FREDERICK WILLIAMS,
DONNA M. ALTSCHUH
RUSSEL PHELPS
PHELPS CORPORATION,
JOSEPH J. SHUDT

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

I.  FACTS AND BACKGROUND

  Plaintiffs Robert Dillard Jones and Family Charter & Realty Corp. move for a preliminary injunction and temporary restraining order pursuant to Fed. R. of Civ. P. 65(a) and (b) to enjoin Defendants from proceeding with a tax foreclosure of Plaintiff's real property located in Binghamton, New York.

II.     DISCUSSION

A party seeking a temporary restraining order or a preliminary injunction must show (a) irreparable harm; and (b) either (1) likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.  See Citigroup Global Markets, Inc. v. VCG Special Opportunities Master, 598 F.3d 30, 35 (2d Cir. 2010).  For the following reasons, the Court finds that Plaintiffs' motion papers do not satisfy this standard.

As an initial matter, there is a question whether the Court has subject matter jurisdiction.  A motion for a preliminary injunction under Rule 65(a), or for a temporary restraining order under Rule 65(b), does not confer subject matter jurisdiction on the court. Citizens Concerned for Separation of Church and State v. City and County of Denver, 628 F.2d 1289, 1298-99 (10th Cir. 1980); Wright & Miller, Federal Practice and Procedure: Civil § 2941.  Rule 65 determines only the method of seeking and obtaining an injunction, not the power to entertain it.  Citizens Concerned for Separation of Church and State, 628 F.2d at 1299.  Accordingly, a Rule 65 motion may not be brought unless the court has jurisdiction to exercise the injunctive power.  7-Pt. 2 Moore's Federal Practice s 65.03(1).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  Courts have an independent obligation to ensure they have subject matter jurisdiction.  See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative [.]"); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (courts have an independent

obligation to examine the basis of their jurisdiction); Manway Constr. Co., Inc. v. Housing Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir.1983) (court must dismiss cases sua sponte for lack of subject matter jurisdiction).

Here, Plaintiffs' Complaint does not include "a short and plain statement of the grounds for the court's jurisdiction" as required by Fed. R. of Civ. P. 8(a)(1). Failure to plead such facts could subject the Complaint to *sua sponte* dismissal. Fed. R. Civ. P. 12(h)(3). It is clear that there is no diversity jurisdiction here. "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998). It appears that Plaintiffs and all of the defendants reside in New York. Thus, the Court lacks diversity jurisdiction to hear the complaint

To invoke federal question jurisdiction, Plaintiffs' claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir.1975). Pro se complaints must be "read liberally and should be interpreted to raise the strongest arguments that they suggest." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir.1996) (internal quotation and citation omitted).

It appears that some of Plaintiffs' complaint arises out of enforcement of taxes. Indeed, in their motion for a restraining order, Plaintiffs are seeking to prevent a tax foreclosure of real property. This may implicate the Tax Injunction Act, 28 U.S.C. § 1341, which deprives this Court of subject matter jurisdiction. See Andresakis v. State of Conn.,

122 F.3d 1055 (2d Cir. 1997) (unpublished) ("The Tax Injunction Act precludes the district court from interfering in local tax matters such as the foreclosure action."); Saglioccolo v. New York City Mun. Corp. Dept. of Finance Bureau of Tax, 101 F.3d 108 (2d Cir.1996) (Table); Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div., 987 F.2d 376, 378-79 (6th Cir. 1993); Wik v. City of Rochester, 2008 WL 4911805, at *18 (W.D.N.Y. 2008). The Complaint does make passing references to the Thirteenth and Fourteenth Amendments to the Constitution and the Fair Housing Act. This may invoke federal question jurisdiction. The details of how or why the Fair Housing Act or these Constitutional Amendments apply here is unclear at this time. Rather than summarily dismiss the matter, the Court will afford Plaintiffs an opportunity to demonstrate the existence of subject matter jurisdiction. For purposes of the instant motion, however, the Court cannot issue a preliminary injunction until it is satisfied that it has subject matter jurisdiction. Moreover, the existence of the Tax Injunction Act makes Plaintiffs' likelihood of success on the merits very slim.

There are other grounds that warrant denial of the instant application. Some of Plaintiffs' Complaint appears to seek review of various state court decisions. Review of final state court judgments in this Court is precluded by the Rooker-Feldman doctrine, which holds that the lower federal courts have no jurisdiction over challenges to final state-court decisions. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); see also Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). That doctrine appears to apply here because: (1) Plaintiffs lost in state court; (2) Plaintiffs complain of injuries caused by the state court judgment; (3) Plaintiffs appear to ask this court to reject those judgments; and (4) the state judgments were

rendered before the commencement of the instant action.  See V.S. v. Muhammad, 595 F.3d 426, 429 (2d Cir. 2010).

Further, subject to certain exceptions not applicable here, this Court's local rules require motions to include a memorandum of law.  N.D.N.Y.L.R. 7.1(a)(1).  Plaintiffs have failed to include a memorandum of law.  The Rules further require that the Court "not consider any papers . . . that are not . . . in compliance with this Rule . . . ."

Next, Plaintiffs' claim (although not entirely clear) appears to be that, because they lost the state court lawsuits seeking monetary damages, they did not have enough money to pay property taxes.  While the Court sympathizes with Plaintiffs' situation, these allegations are insufficient to establish a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.

Lastly, a corporation may appear in federal court only through licensed counsel.  Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 218 (1993).  At this time, it is unclear who owns the property subject to foreclosure.  If it is the corporation, then any claims by the corporation cannot be entertained without an attorney.

For the foregoing reasons, the motion for a temporary restraining order is DENIED and the motion for a preliminary injunction is DENIED WITH LEAVE TO RENEW.
IT IS SO ORDERED.
Dated:  June 21, 2010

Thomas J. McAvoy
Senior, U.S. District Judge