UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT DILLARD JONES
doing business as
FAMILY CHARTER & REALTY CORPORATION,

        Plaintiffs,

   v.                  10-CV-0712

JOSEPH F. CAWLEY, Broome County Justice,
MARY ANN LEHMAN, Binghamton City Court Justice,
ANDREW M. CUOMO, New York State Attorney General,
DAVID E. HARDER, Broome County Office of the Sheriff,
FREDERICK WILLIAMS, STEPHEN B. ATKINSON,
DONNA M. ALTSCHUH,
RUSSELL PHELPS, Phelps Corporation, BROOME COUNTY

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

  Plaintiff Robert D. Jones, individually and on behalf of Family Charter & Realty Corporation, commenced a *pro se* action under 42 U.S.C. §1983 against various defendants seeking damages, a temporary restraining order, and a preliminary injunction pursuant to Fed. R. of Civ. P. 65(a) enjoining the Defendants from proceeding with a tax foreclosure of Plaintiffs' real property. Defendants now move to dismiss the action pursuant to Fed. R. Civ. P. 12.

**I. FACTS**

  Plaintiff Jones is President of the Family Charter Realty Corporation (hereinafter Corporation). Jones' claims are best understood to rise from two separate, but connected

situations. First, Jones sued Defendants Altschuh and Williams in the City of Binghamton Small Claims Court for an unpaid gas bill in connection with certain real property. Second, Jones failed to pay property taxes on the real property and the County of Broome commenced a tax foreclosure proceeding against the property. Jones connects these two situations by asserting that, because he was not allowed to collect monies from Altschuh and Williams, he was unable to pay property taxes he owed to the County of Broome.

      A. <u>Jones Small Claims Court Lawsuit</u>

On July 24, 2008, Defendant Lehman, a Binghamton City Court Judge, presided over the small claims court matter concerning the gas bill. Altschuh and Williams were represented by legal counsel, Defendant Atkinson. Jones claimed he entered into an oral contract with Altschuh and Williams for them to pay the gas bill. Atkinson moved to dismiss the action on the ground that Jones did not have standing to sue, that only the Corporation had standing to sue, and that the Corporation could not sue because it was deemed inactive and dissolved for failure to pay franchise taxes. Jones did not present any proof to refute the inactive status of the Corporation. Judge Lehman granted the motion to dismiss. On Appeal, Defendant Broome County Court Judge Cawley affirmed Lehman's decision.

On January 23, 2010, Jones, individually and as President of the Corporation, wrote to the Broome County Sheriff's Office alleging that Altschuh, Williams, and Atkinson committed fraud, larceny, unlawful imprisonment, and other crimes in connection with the small claims court action. Defendant Broome County Sheriff Harder wrote to Jones on February 8, 2010 explaining that the Sheriff's Office received his letter but could not pursue Jones' accusations. The letter suggested that Jones contact the New York State Attorney General's Office, which he did. On March 4, 2010, the New York State Attorney General's

Office acknowledged receipt of Jones letter and informed him that they could not assist him. The Attorney General's Office suggested Jones work with his attorney to resolve the matter.

### B. Foreclosure of 322 Main Street

Prior to Jones' lawsuit in small claims court against Altschuh and Williams over the unpaid gas bill, he started to accrue unpaid taxes on a building at 322 Main Street, Binghamton, New York. The deed for 322 Main Street shows the owner as Family Charter and Realty Corporation. Broome County commenced a foreclosure proceeding against the real property for unpaid taxes. The Corporation had until June 23, 2010 to pay the back taxes owed to the County.

On June 22, 2010, the mortgagee of 322 Main Street, Phelps Corporation, paid the delinquent taxes in full. Defendant Phelps is the President of the Phelps Corporation. Broome County filed a certificate of redemption and 322 Main Street is no longer in a tax foreclosure proceeding.

## II.     PROCEDURAL BACKGROUND

On June 17, 2010, Jones filed a Complaint and an Emergency Motion for Preliminary Injunction and Temporary Restraining Order. Jones' Complaint seeks a preliminary injunction and a temporary restraining order pursuant to Fed. R. Civ. P. 65. Jones specifically alleges that Defendants: (1) Cowley and Lehman abused their judicial discretion in not giving him a favorable judgment; (2) Atkinson violated rules of evidence in the small claims court lawsuit; (3) Williams and Altschuh committed fraud, perjury, and slander against Jones in the City and County Court proceedings; (4) Williams and Altschuh committed usury; (5) Phelps committed usury in connection with the mortgage on the real property; (6) the County of Broome denied him certain unspecified tax exceptions; (7)

Williams, Altschuh, Phelps, and the County of Broome owe restitution damages; and (8) Harder and Cuomo were negligent in their administrative and official capacity by not commencing investigations in response to Jones' letters.

Defendants filed motions to dismiss asserting, among other things, failure to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6). Jones then moved to file an amended complaint. Jones' Amended Complaint specifies particular Constitutional provisions he claims were violated, seeks to clarify his assertions that Defendants violated his civil rights under 42 U.S.C. §1983, and specifies his allegation that Defendants violated the Fair Housing Act and engaged in unfair and deceptive acts. Otherwise, the Amended Complaint is substantially the same as the original Complaint. Defendants oppose Jones' motion to amend his complaint.

Jones has also filed a motion for permissive joinder of parties under Fed. R. Civ. P. 20(2)(A)(B), and misjoinder of parties under Fed. R. Civ. P. 21. In those motions, Jones seeks to substitute Defendants Cawley and Lehman for the City of Binghamton.

## III.     STANDARD OF REVIEW

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) test the legal, not the factual, sufficiency of a complaint. Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000). "The issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). Accordingly, the Court must accept Jones factual allegations in the complaint as true, and "draw all reasonable inferences in favor of the plaintiff." Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). The United States Supreme Court recently noted that, "the tenet that a court must accept as true all of the allegations contained in a complaint

is inapplicable to legal conclusions." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. Because Jones is appearing *pro se*, his Complaint must be read liberally and interpreted as raising the strongest arguments it suggests. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).

When considering a motion to dismiss, a Court may examine (1) the factual allegations in the complaint; (2) documents attached to the Complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. Brass v. American Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

With this standard in mind, the Court will address the pending motions to dismiss and will address the motions as to both the original Complaint and the proposed Amended Complaint.

## IV.   DISCUSSION

### a.   Claims by the Corporation

The Complaint and all subsequent pleadings lists both Jones and Family Charter Realty Corporation as Plaintiffs in this action. A corporation may appear in federal court only through licensed counsel. Rowland v. California Men's Colony, Unit II Men's Advisory

Council, 506 U.S. 194, 218 (1993). Jones is not a licensed attorney. Accordingly, the claims brought by the corporate entity, Family Charter Realty Corporation, are DISMISSED.

### b.  First Cause of Action

Jones asserts that he was "denied his 1st Amendment U.S. Constitutional Civil Rights and due process of law by both Judge Mary Ann Lehman, and Judge Joseph F. Cawley, in their Orders and Decisions, erroneously denying plaintiff his protected privilege to sue defendants Frederick Williams and Donna M. Altstchuh, in a civil action." Amend. Comp. at 2.

Defendants Cawley and Lehman have absolute immunity from suit for judicial acts performed in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 11 (1991). Absolute "judicial immunity is not overcome by allegations of bad faith or malice." Mireles, 502 U.S. at 11. Similarly, a judge may not "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Id. Judge Lehman had proper jurisdiction to proceed over Jones' small claims court action and Judge Cawley had proper jurisdiction to decide Jones' appeal. Accordingly, Jones' first cause of action must be DISMISSED.[1]

### c.  Second Cause of Action

In his Second Cause of Action, Jones asserts that Defendants Altschuh and Williams: (1) "committed Major Fraud and Larceny in relation to confiscating plaintiff real property rights;" (2) "perjured themselves in both lower City and County Courts proceeding denying to owe plaintiff the amount of compensation demanded;" and (3) "slandered plaintiff

---

[1] To the extent Plaintiff seeks to assert these claims against the City of Binghamton instead of the judges, such a claim would be futile because the Judges are not final policymakers for the City of Binghamton when performing their judicial duties. See Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992); Bliven v. Hunt, 478 F. Supp.2d 332, 338 (E.D.N.Y. 2007) (and case cited therein).

by stating that plaintiff's' 'corp.', was inactive and thus barred from being enable to sue the defendants in lower City and County Court." Amend. Comp. at 4.

       The Rooker-Feldman doctrine deprives a federal district court of jurisdiction in certain circumstances involving review of a state court adjudication.  The doctrine arose from two cases in which the Supreme Court concluded that federal courts do not have jurisdiction to review the judgments and decisions of state courts.  This doctrine is narrowly tailored and only applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

       The Court of Appeals has established four requirements for applying the Rooker-Feldman doctrine: (1) the federal court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by the state court judgment; (3) the plaintiff must invite the district court to review and reject that judgment; and (4) the state court must have rendered judgment before federal district court proceedings commenced.  See Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).  "Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine." Feinstein v. Chase Manhattan Bank, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 4, 2006).

       The Rooker-Feldman doctrine bars Jones' claims.  Jones lost in state court, he is complaining of injuries which directly relate to the state court judgment, he is seeking relief from that judgment by bringing this federal suit, and he brought the instant action after the

state court rendered a judgment. Accordingly, Jones' second cause of action must be DISMISSED.[2]

### d. Third Cause of Action

In his Third Cause of Action, Jones asserts that Defendants Altschuh and Williams violated his rights under "Title 18, Chapter 77, Peonage & Slavery Codification, 13th U.S. Amendment, Civil Rights, and general usury laws" by failing to compensate for the "money, labor, materials, and repairs plaintiff put into said properties." Amend. Comp. at 4-5. Jones also asserts that Defendants committed malfeasance for "failure of their contractual obligations and verbal agreement for payment on the $1,900.00, utility debt." Id.

Jones asserts Defendants Altschuh and Williams violated his rights under the Thirteenth Amendment by failing to compensate for work he allegedly performed. The Thirteenth Amendment provides:

> Section 1. Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.
>
> Section 2. Congress shall have power to enforce this article by appropriate legislation.

U.S. Const. Amend. XIII. There is no private right of action pursuant to the Thirteenth Amendment itself. See City of Memphis v. Greene, 451 U.S. 100, 128 (1981) (holding that unless there is a violation of legislation enacted under § 2 of the Thirteenth Amendment, there is no violation of the Thirteenth Amendment); see Palmer v. Thompson, 403 U.S. 217,

---

[2] To the extent any of these claims can survive Rooker-Feldman, they must, nevertheless, be dismissed for lack of subject matter jurisdiction. As will be discussed, Plaintiff's federal claims are being dismissed and there is no other basis for federal jurisdiction. The Court declines to exercise supplemental jurisdiction over any remaining state law claims.

226-27 (1971); see Alma Soc'y Inc. v. Mellon, 601 F.2d 1225, 1237 (2d Cir. 1979) ("The [Supreme] Court has never held that the [Thirteenth] Amendment itself, unaided by legislation as it is here, reaches the 'badges and incidents' of slavery as well as the actual conditions of slavery and involuntary servitude.") (citing Palmer, 403 U.S. at 226-27).

Accordingly, Plaintiff must proceed under one of the Thirteenth Amendment's implementing statutes. Jones's Complaint and Amended Complaint fail to plead facts to plausibly suggest that Defendants acted under color of state law (which is necessary to support claims under 42 U.S.C. § 1983)[3] or that they engaged in any conduct that might violate 18 U.S.C. §§ 1581-1596.[4]

---

[3] Jones' constitutional claims are brought pursuant to 42 U.S.C. §1983, which governs civil rights actions against persons acting under color of state law. In order to maintain a §1983 action, a plaintiff must satisfy two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell, 13 F.3d at 547. A private actor may be considered to be acting under the color of state law if the private actor was "a willful participant in joint activity with the State or its agents." Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002).

[4] 18 U.S.C. § 1589 makes it unlawful for anyone to:

> (a) . . . knowingly provide or obtain the labor or services of a person by any one of, or by any combination of, the following means --
> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
> (2) by means of serious harm or threats of serious harm to that person or another person;
> (3) by means of the abuse or threatened abuse of law or legal process; or
> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint, shall be punished as provided under subsection (d).

Section 1595 provides a civil remedy to victims of Section 1589.

Interpreting the pleadings in the light most favorable to Jones, the Courts finds insufficient plausible allegations suggesting that Defendants Altschuh or Williams obtained Jones' labor or services through a prohibited means. Therefore, Jones failed to plead sufficient facts to state a claim under 18 U.S.C. §1595 or any other section of Chapter 77 of Title 18.

### e. **Fourth Cause of Action**

In his Fourth Cause of Action, Jones asserts that Defendant Russell Phelps, President of the Phelps Corporation, violated his Constitutional privileges pursuant to "42 U.S.C., Section 1983, Civil Rights; 42 U.S.C. §§ 3601, 3606, 3613, and Title 24 of the Codes of Federal Regulations, Part 100, Subparts [A,B,C,D,E,F] Discriminatory Conduct and violations of the Federal TradeCommission Rules & Regulations, under the Unfair Deceptive Acts & Practices." Amend. Comp. at 5.

With respect to the claims under §1983, Jones must allege that he was injured by either a state actor or a private party acting under color of state law. Jones has not alleged facts plausibly suggesting that Phelps acted under color of state law. Accordingly, Jones' Section 1983 claim must be DISMISSED.

Jones claims discrimination under the Fair Housing Act, 42 U.S.C. §3601, et. seq. Specifically, he claims that the 10% mortgage rate violates the Fair Housing Act. Generally speaking, the Fair Housing Act makes it unlawful to discriminate in the sale or rental of housing, 42 U.S.C. § 3604, in residential real-estate transactions, 42 U.S.C. § 3605,[5] and in the provision of brokerage services, 42 U.S.C. § 3606. There is a civil remedy for violations of the Fair Housing Act. 42 U.S.C. §3613. Here, the subject mortgage was entered into in 2001, more than two years prior to the filing of the instant litigation.[6] Accordingly, it appears that the claim is untimely. See 42 U.S.C. § 3613(a)(1)(A); Goodwin v. Executive Trustee Services, LLC, 680 F. Supp.2d 1244, 1251 (D. Nev. 2010); Thomas v. Select Portfolio

---

[5] This section prohibits discrimination in "[t]he making or purchasing of loans or providing financial assistance."

[6] The Mortgage Note is attached to the proposed Amended Complaint at Ex. J.

Servicing, Inc., 2009 WL 2905485, at *3 (N.D. Ind. 2009).   In any event, Jones failed to plead sufficient facts demonstrating discrimination.  Setting aside the conclusory statements, there are no factual allegations in the Complaint or Amended Complaint tending to suggest that the 10% interest rate on the mortgage was related to Jones's race.  Accordingly, Jones' fourth cause of action must be DISMISSED.

### f. Fifth Cause of Action

In his Fifth Cause of Action, Jones asserts that Defendant Harder as "Sheriff of Broome County, failed in his official administrative and investigative capacity to prosecute plaintiff's complaints for fraud, larceny and perjury in committed [sic] by defendant Williams & Altschuh."  Amend. Comp. at 7.  Jones specifically alleges that Defendant Harder was deliberately indifferent and negligent in his failure to prosecute Defendants Williams and Altschuh.  Amend. Comp. at 6-7.  Jones also asserts that the "New York State Attorney Office is equally guilty of gross negligence and deliberate indifference to plaintiff's due process and equal protection of the laws."  Id.

As a general rule, a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another person and has no constitutional right to force a police officer to prosecute or make an arrest.  Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 767 (2005); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (citizens lack "standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution"); Matter of Appointment of Indep. Counsel, 766 F.2d 70, 76 (2d Cir. 1985) (private citizens do not have a "judicially cognizable interest in the prosecution or nonprosecution of another"); Thompson v. Grey, 09-4149-PR, 2010 WL

2836637 (2d Cir. July 20, 2010) (slip copy) ("district court properly recognized [that] there is no cause of action for the state's failure to prosecute another person under section 1983"). Jones does not plead any facts plausibly removing his claim from this general rule. Accordingly, Jones' fifth cause of action must be DISMISSED.

### g. Sixth Cause of Action

In his Sixth Cause of Action, Jones asserts that Defendant Atkinson was "responsible for contaminating the judicial proceedings before Judge Lehman and Judge Cawley, with fully known misstatements and misplaced facts about the status of plaintiff's "Corp." in order to get an [sic] dismissal of plaintiff's civil action in those matters." Amend Comp. at 9.  In order to state a claim under Section 1983, Jones must allege he was injured by either a state actor or a private party acting under color of state law.  Here, Jones has not pled sufficient facts to plausibly suggest that Defendant Atkinson acted under color of state law.  To the extent Jones seeks to assert a state law claim against Atkinson, the Court declines to exercise supplemental jurisdiction over it.  Accordingly, Jones' sixth cause of action must be DISMISSED.

### h. Eighth Cause of Action[7]

In the Eighth Cause of Action, Jones complains of a Sixth Amendment violation because two attorneys refused to represent Jones due to conflicts of interest.  Subject to certain exception not applicable here, the Sixth Amendment does not apply to civil cases.

---

[7] The "Seventh Cause of Action" in Jones's proposed amended complaint merely specifies the "restitution damages" and other relief he is seeking in this action and does not specify an independent basis for liability.

Austin v. United States, 509 U.S. 602, 608, 113 S. Ct. 2801 (1993); United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981). Accordingly, this claim must also be DISMISSED.

**V.        CONCLUSION**

For the foregoing reasons,

(1)        Defendants' Motions to Dismiss (Dkt. No. 15, 26, 33, 34, and 44) are **GRANTED**;

(2)        Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and

(3)        Plaintiff's Motions to Amend his Complaint (Dkt. No. 35) and to Substitute a Party (Dkt. No. 41) are **DENIED AS FUTILE.**

The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated:October 21, 2010

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge